# Exhibit 6



18 No. 19 ANCODLLR 7                                                                                                         Page 1

18 No. 19 Andrews Corp. Off. & Directors Liab. Litig. Rep. 7
**(Publication page references are not available for this document.)**

Andrews Corporate Officers and Directors Liability Litigation Reporter
April 7, 2003

**Securities Fraud (Settlement):**

SPRINT SETTLEMENT INCLUDES GROUNDBREAKING CHANGES FOR INDEPENDENT DIRECTORS

In re Sprint Secs. Litig.

Copyright © 2003 Andrews Publications

Amalgamated Bank, lead plaintiff in the securities fraud suit against Sprint Corp., has announced the settlement of two major lawsuits against the telecommunications company's officers and directors that includes sweeping reforms designed to eliminate "cronyism" in the boardroom. The agreement will also provide $50 million for investors who purchased stock when Sprint was negotiating its ill-fated merger with WorldCom. In re Sprint Securities Litigation, docket number unavailable (D. Kan. Mar. 19, 2003).

"There has never been an occasion in American corporate history when a company has agreed to so many groundbreaking corporate governance reforms in one fell swoop," said Robert Monks, the founder of LENS Governance Advisors. "These reforms should serve as a model for other corporations who want to reinstate investor confidence with or without a congressional mandate."

Under the terms of the settlement, an "independent" director is narrowly defined. Former employees of Sprint or one of its subsidiaries must wait five years after leaving the company before being considered for the board, and the same restriction applies to anyone who in the previous three years has been affiliated with auditing firm used by the company.

The agreement also provides that at least two-thirds of the Sprint board must be independent.

Surpassing the corporate reforms passed by Congress, outside directors will also be required to meet at least twice a year without management present, and an independent director will set the agenda for the meeting. That power is currently reserved for the CEO.

Bonuses and other compensation awarded to executives will also be scrutinized to ensure they are in line with industry standards.

As a direct result of the issues disputed in the litigation, the settlement imposes new rules to prevent officers and directors from vesting their stock on an accelerated basis.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

18 No. 19 ANCODLLR 7 Page 2
18 No. 19 Andrews Corp. Off. & Directors Liab. Litig. Rep. 7
**(Publication page references are not available for this document.)**

The first lawsuit, filed in Missouri state court in 2000 by Amalgamated Bank's LongView Fund, is a derivative shareholder suit that alleged investors were manipulated into approving the WorldCom merger and allowing executives to accelerate $1.7 billion worth of employee stock options.

Sprint permitted the officers and directors to take advantage of their stock options even if the merger didn't take place, and the shareholders said the company instituted this policy without their approval.

Soon after the options were accelerated, some of Sprint's top executives and 2,000 other employees left the company, creating a serious "brain drain" that hurt the market value of its stock, the bank said.

The settlement agreement prevents stock options from being exercised without a "double trigger': an actual sale or merger and a loss of employment.

The second suit was filed in federal district court in Kansas as a shareholder class action by Amalgamated, the country's oldest labor-owned bank, and five pension funds.

That suit alleged shareholders purchased overvalued stock between October 1999 and September 2000 because they were not informed about the antitrust obstacles to the WorldCom merger. As a result, Sprint executives canceled the proposed deal, and the company's stock price plummeted.

"We are proud to be part of this historic settlement that will literally end business as usual at Sprint," said Bruce Raynor, chairman of Amalgamated Bank. "Union pension funds as shareholders in the nation's largest corporations can continue to push for changes that open closed boardroom doors and make workers' retirement accounts more secure."

Sprint has also agreed to expense all stock options, joining the ranks of other company that have adopted the controversial treatment favored by investors.

"Thanks to Amalgamated Bank's leadership, Sprint's shareholders will finally have a seat at the boardroom table," said Bill Lerach, partner at Milberg Weiss Bershad Hynes & Lerach, the firm representing the lead plaintiff.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.