SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP
Alan R. Plutzik, Of Counsel (Bar No. 077785)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94589
Telephone: (925) 945-0770
Facsimile: (925) 945-8792

-and-

Eric L. Zagar
Robin Winchester
Nichole Browning
J. Daniel Albert
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Proposed Lead Plaintiffs
Andrew Walter and James Forseth
and Proposed Lead Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| RALPH WILDER, Derivatively on Behalf of SONIC SOLUTIONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>ROBERT J. DORIS, MARY C. SAUER, JAMES A. MOORER, MICHAEL C. CHILD, ROBERT M. GREBER, PETER J. MARGUGLIO, R. WARREN LANGLEY, A. CLAY LEIGHTON, KIRK PAULSEN, MICHAEL J. COSTELLO and CHRISTOPHER A. KRYZAN,<br><br>Defendant,<br><br>and<br><br>SONIC SOLUTIONS, INC.<br><br>Nominal Defendant. | Case No.  C 07-cv-1500-CW<br><br>**AMENDED NOTICE OF MOTION AND AMENDED MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: August 2, 2007<br>Time: 2:00 p.m.<br>Courtroom: 2, 4th Floor<br>Judge: Claudia Wilken |

AMENDED NOTICE OF MOTION AND AMENDED MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL; MPA IN SUPPORT THEREOF
Case No. C 07-cv-1500-CW

1

| | | |
|---|---|---|
| 1 | *To be consolidated with:* | |
| 2 | ANDREW WALTER, Derivatively on Behalf of Nominal Defendant SONIC SOLUTIONS, | ) Case No.: 07-02344-CW |
| 3 | Plaintiff, | ) |
| 4 | v. | ) |
| 5 | ROBERT J. DORIS, MARY C. SAUER, JAMES A. MOORER, MICHAEL C. CHILD, ROBERT M. GREBER, PETER J. MARGUGLIO, R. WARREN LANGLEY, A. CLAY LEIGHTON, KIRK PAULSEN, MICHAEL J. COSTELLO and CHRISTOPHER A. KRYZAN, | ) |
| 9 | Defendant, | ) |
| 10 | and | ) |
| 11 | SONIC SOLUTIONS, | ) |
| 12 | Nominal Defendant. | ) |
| 13 | *To be consolidated with:* | |
| 14 | JAMES FORSETH, Derivatively on Behalf of Nominal Defendant SONIC SOLUTIONS, | ) Case No.: 07-03178-CW |
| 15 | Plaintiff, | ) |
| 16 | v. | ) |
| 17 | ROBERT J. DORIS, MARY C. SAUER, JAMES A. MOORER, MICHAEL C. CHILD, ROBERT M. GREBER, PETER J. MARGUGLIO, R. WARREN LANGLEY, A. CLAY LEIGHTON, KIRK PAULSEN, MICHAEL J. COSTELLO and CHRISTOPHER A. KRYZAN, | ) |
| 21 | and | ) |
| 22 | SONIC SOLUTIONS, | ) |
| 23 | Nominal Defendant. | ) |

AMENDED NOTICE OF MOTION AND AMENDED MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL; MPA IN SUPPORT THEREOF
Case No. C 07-cv-1500-CW

2

*To be consolidated with:*

| | |
|---|---|
| SAMMY K. DOLITTLE, Derivatively on Behalf of Nominal Defendant SONIC SOLUTIONS,<br>     Plaintiff,<br>  v.<br>ROBERT J. DORIS, DAVID C. HABIGER, MARY C. SAUER, A. CLAY LEIGHTON, MARK ELY, ROBERT M. GREBER, PETER J. MARGUGLIO, and R. WARREN LANGLEY,<br>  and<br>SONIC SOLUTIONS,<br>     Nominal Defendant. | Case No.: 07-03361-BZ |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 2, 2007, at 2:00 p.m. or as soon thereafter as the matter can be heard by the Honorable Claudia Wilken, 1301 Clay Street, Courtroom 2, 4th Floor, Oakland, CA 94612, Derivative Plaintiffs Andrew Walter ("Mr. Walter") and James Forseth ("Mr. Forseth") will, and hereby do, move this court for an order to (i) consolidate related actions; (ii) appoint Andrew Walter and James Forseth as Lead Plaintiffs; and (iii) appoint Andrew Walter and James Forseth's counsel, Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin Barroway"), as Lead Counsel.

Dated: July 10, 2007

        SCHIFFRIN BARROWAY
        TOPAZ & KESSLER, LLP

        */s/ Alan R. Plutzik*
        Alan R. Plutzik, Of Counsel (Bar No. 077785)
        Robert M. Bramson, Of Counsel (Bar No. 102006)
        L. Timothy Fisher, Of Counsel (Bar No. 191626)
        2125 Oak Grove Road, Suite 120
        Walnut Creek, California 94598
        Telephone: (925) 945-0770
        Facsimile: (925) 945-8792

        -and-

AMENDED NOTICE OF MOTION AND AMENDED MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL; MPA IN SUPPORT THEREOF
Case No. C 07-cv-1500-CW
                                                   3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Eric L. Zagar
Robin Winchester
Nichole Browning
J. Daniel Albert
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for [Proposed] Lead Plaintiffs
Andrew Walter and James Forseth
and [Proposed] Lead Counsel*

AMENDED NOTICE OF MOTION AND AMENDED MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL; MPA IN SUPPORT THEREOF
Case No. C 07-cv-1500-CW

4

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Proposed Derivative Lead Plaintiffs, Andrew Walter ("Mr. Walter") and James Forseth ("Mr. Forseth") submit this amended motion to (i) consolidate related actions; (ii) appoint Andrew Walter and James Forseth as Lead Plaintiffs; and (iii) appoint Andrew Walter and James Forseth's counsel, Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin Barroway"), as Lead Counsel.

### II. BACKGROUND AND PROCEDURAL HISTORY[1]

This is a shareholders derivative action brought on behalf of Nominal Defendant Sonic Solutions ("Sonic" or the "Company") against certain members of its Board of Directors (the "Board") and certain of its executive officers seeking to remedy defendants' breaches of fiduciary duties, unjust enrichment, statutory violations, and other violations of law. For at least nine years, Sonic's directors, along with its top executive officers, engaged in a secret scheme to grant undisclosed, "in the money" stock options to themselves and others by backdating stock option grants to coincide with low closing stock prices. In fact, in a distinctive pattern, for nine consecutive years, from 1995 to 2003, the defendants backdated stock option grants. Moreover, twelve out of the Company's fifteen stock option grants (80%) from 1995 to 2003 were backdated, all of which were granted to top Sonic executives. By engaging in this scheme, the defendants were able to conceal that Sonic was not recording material compensation expenses and was materially overstating the Company's net income or materially understating its net loss from at least 1995 to 2003. Moreover, by granting stock options such that they carried a strike price lower than the closing price of the stock on the date of grant, certain defendants profited immediately upon the award of the stock options without doing anything to improve the Company's business or financial condition. By contrast, Sonic has suffered, and will continue to

---

[1] On May 10, 2007, Proposed Derivative Lead Plaintiff, Andrew Walter filed a Motion to Consolidate Actions, Appoint Lead Plaintiff and Lead Counsel, Case No 07-1500-CW, Docket No. 11 ("Initial Motion").

AMENDED NOTICE OF MOTION AND AMENDED MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL
Case No. C 07-cv-1500-CW

1

suffer, significant financial and non-monetary damages and injuries.

## III. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

The Proposed Derivative Lead Plaintiffs requests that the following actions (hereafter, collectively referred to as "the Related Derivative Actions") be consolidated:

| Case Name | Case No. | Filing Date |
|---|---|---|
| *Ralph D. Wilder v. Robert J. Doris, et. al.* | C07-cv-1500-CW | March 15, 2007 |
| *Andrew Walter v. Robert J. Doris, et. al.,* | C07-cv-2344-CW | April 30, 2007 |
| *James Forseth v. Robert J. Doris, et. al.,* | C07-cv-03178-CW | June 15, 2007 |
| *Sammy K. Dolittle v. Robert J. Doris, et. al.,* | C07-cv-03361-BZ | June 26, 2007 |

The consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed.R.Civ.P. 42(a). *See also Erikson v. Cornerstone Propane Partners LP*, 2003 U.S. Dist. LEXIS 18009 at *7 (N.D. Cal. 2003) ("Rule 42(a) empowers the court to consolidate "actions involving a common question of law or fact"). This Court has broad discretion under this rule to consolidate cases pending within the District. *Abate v. Lewis*, 1996 U.S. App. LEXIS 639, at *16 (9th Cir. 1996) (citations omitted).

Here, consolidation of the Related Derivative Actions is warranted as both of these actions are dependant on proof of the same facts; specifically, whether Sonic's Board of Directors improperly authorized the backdating of stock options awarded to top company executives. Since the Related Derivative Actions currently pending before this Court present virtually identical factual and legal issues, involve the exact same Defendants, and will involve
AMENDED NOTICE OF MOTION AND AMENDED MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL
Case No. C 07-cv-1500-CW

2

the same discovery, consolidation is appropriate. *See Rendon v. City Of Fresno,* 2006 U.S. Dist. LEXIS 41140, at * 17 (E.D. Cal. June 2, 2006) (two civil rights cases alleging police use of excessive force were consolidated even though there would be different factual issues at trial); *See also Millman v. Brinkley,* 2004 U.S. Dist. LEXIS 20113, at *7 (N.D. Ga. Oct. 1, 2004) (consolidating derivative actions where the same defendants were alleged to have committed the same acts and caused the same damage to the same company during the same time period). Indeed, if not consolidated, the ensuing separate derivative actions will result in virtually identical discovery requests, motions practice, and the like, and will thus cause an unnecessary drain on judicial resources.

Moreover, Defendants will suffer no prejudice by litigating one consolidated action rather than two separate suits. Indeed, consolidation would ensure that this litigation, brought for the benefit of the Company, is disposed of in the most cost-effective manner for the Company. *See Id.* (consolidation of derivative actions is particularly appropriate because the "cost of defending these multiple actions may well do serious harm to the very corporation in whose interest they are supposedly brought"). Consolidation would therefore inure to the benefit of all parties involved.

### IV. MR. WALTER AND MR. FORSETH SHOULD BE APPOINTED AS LEAD PLAINTIFFS

As the Supreme Court recognized in *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541 (1949), a plaintiff who leads a shareholder's derivative suit occupies a position "of a fiduciary character," in which "[t]he interests of all in the redress of the wrongs are taken into his hands, dependent upon his diligence, wisdom and integrity." *Id.* Additionally, Rule 23.1 of the Federal Rules of Civil Procedure provides that a plaintiff must fairly and adequately represent the interests of the shareholders in enforcing the rights of the corporation. Thus, when considering the appointment of lead plaintiffs in shareholder derivative actions, courts look to which shareholders will adequately serve the interests of the derivative plaintiffs and the nominal defendant. *See In re Chordiant Derivative Litigation,* Master File No. C 06-04671 JW (Nov. 27,

AMENDED NOTICE OF MOTION AND AMENDED MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL
Case No. C 07-cv-1500-CW

3

2006 N.D. Ca.) (Order) (appointing lead plaintiff and Schiffrin Barroway as lead counsel in derivative litigation and citing Rule 23.1 as a guideline to use when appointing lead plaintiff in a derivative action)[2]; *see also Millman*, 2004 U.S. Dist. LEXIS 20113, at *8; *Dollens v. Zionts* 2001 U.S. Dist. LEXIS 19966, at *5 (N.D. Ill. Dec. 4, 2001) ("courts should appoint a derivative plaintiff that's likely to benefit the plaintiffs the most").

Mr. Walter and Mr. Forseth clearly satisfy these criteria, as they have been long-term holders of Sonic stock and currently maintain shares of Sonic stock. Further, Mr. Walter and Mr. Forseth have retained competent and experienced counsel as proposed Lead Counsel, the law firm of Schiffrin Barroway. Therefore, for all of the foregoing reasons, Mr. Walter and Mr. Forseth should be appointed as Lead Plaintiffs and their counsel, Schiffrin Barroway, should be appointed as Lead Counsel.

## V. THE COURT SHOULD APPOINT LEAD COUNSEL

### A. Appointment of Lead Counsel is Necessary to Effectively Prosecute the Consolidated Action

A court which has consolidated actions may at its discretion, appoint Lead Counsel to prosecute the consolidated cases. Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2385 (2d ed. 1987) cited in *Walker v. Deutsche Bank, AG*, 2005 U.S. Dist. LEXIS 19776, at * 8 (S.D.N.Y. Sept. 6, 2005). *MacAlister v. Guterma*, 263 F.2d 65 (2d Cir. 1958) is the seminal case on this point. In that case, the court recognized that "[t]he benefits achieved by consolidation and the appointment of general counsel, i.e. elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation." Id. at 69.

The Ninth Circuit has explicitly endorsed this reasoning. See *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774-75 (9th Cir. 1977) (affirming district court's appointment of Lead

---

[2] Attached hereto as Exhibit A to the Declaration of Robin Winchester in Support of the Amended Motion to Consolidate Related Cases, Appoint Lead Plaintiff, and Lead Counsel ("Winchester Decl.").

AMENDED NOTICE OF MOTION AND AMENDED MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL
Case No. C 07-cv-1500-CW

4

Counsel, stating that "[t]he authority recognized in MacAlister has never been seriously disputed"). Moreover, the Manual for Complex Litigation recognizes the benefits of appointing Lead Counsel in complex, multiparty litigation:

> Complex litigation often involves numerous parties with common or similar interests but separate counsel. Traditional procedures in which all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and examines witnesses, may waste time and money, confuse and misdirect the litigation, and burden the court unnecessarily. Instituting special procedures for coordination of counsel early in the litigation will help to avoid these problems.

*Manual for Complex Litigation (Fourth)* §10.22 (2004).

### 1. Schiffrin Barroway Should be Appointed as Lead Counsel

In selecting Lead Counsel, the "guiding principle" is who will "best serve the interest of the plaintiffs." *Millman*, 2004 U.S. Dist. LEXIS 20113, at * 9. The criteria for selecting counsel include factors such as "experience and prior success record, the number, size, and extent of involvement of represented litigants, the advanced stage of proceedings in a particular suit, and the nature of the causes of action alleged." *Id.* (citations omitted). In addition, courts have also considered the quality of the pleadings that have been filed as a factor to be weighed. *Millman*, 2004 U.S. Dist. LEXIS 20113, at * 9. Each of these factors weighs in favor of appointing Schiffrin Barroway as Lead Counsel.

#### a. Schiffrin Barroway's Experience and Prior Success is Unassailable

Schiffrin Barroway is a Martindale Hubbell "AV" rated law firm which has focused its practice in the securities fraud class action and shareholder derivative areas over the past 20 years. See Schiffrin Barroway Firm Biography.[3] With more than 60 attorneys specializing in complex shareholder litigation, Schiffrin Barroway has served as Lead or Co-Lead Counsel in

---

[3] Attached hereto as Exhibit B to Winchester Decl.

AMENDED NOTICE OF MOTION AND AMENDED MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL
Case No. C 07-cv-1500-CW

5

numerous securities and complex litigation matters, including serving as Lead or Co-Lead Counsel in more than 150 shareholder derivative actions in state and federal courts across the country. In addition to the significant recoveries that Schiffrin Barroway has achieved on behalf of shareholders in securities fraud cases, they have had similar success in shareholder derivative litigation.

As Lead Counsel in *Klotz v. Parfet, et al.*, Case No. 03-06483-CK (Jackson County, MI 2001), Schiffrin Barroway achieved a settlement in which CMS Energy Corporation recovered a cash payment of $12 million from its directors' and officers' liability insurance and instituted a comprehensive overhaul of the Company's corporate governance program. Among other things, CMS:

- added five new independent directors, reconstituted the committees of the board of directors, and separated the roles of Chairman and CEO;
- created the position of Chief Compliance Officer to oversee and administer the Company's ethics and corporate compliance program;
- enhanced the responsibilities and procedures of the Audit Committee;
- adopted an enhanced insider trading policy and stock ownership guidelines for officers and directors; and
- reformed the Company's executive compensation practices by eliminating the use of stock options and instituting new performance criteria for cash bonuses.

As Lead Counsel in *In re Fairchild Corp. Shareholder Derivative Litigation*, Consol. C.A. No. 871-N (Del. Ch. 2004), Schiffrin Barroway recovered a cash payment of $3.76 million from Fairchild's Chairman/CEO and the Company's directors' and officers' liability insurance and instituted a broad array of corporate governance enhancements. Among other things, Fairchild:

- added two new independent directors and adopted policies increasing the responsibilities of the independent members of the board;
- created a new Oversight Committee to oversee and pre-approve related-party transactions; and

AMENDED NOTICE OF MOTION AND AMENDED MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL
Case No. C 07-cv-1500-CW

6

- reformed the Company's executive compensation practices by requiring that regular and bonus compensation be directly related to the Company's performance and prohibiting senior executives from receiving non-compete and consulting payments.

These are but a few examples of many in which Schiffrin Barroway, serving in a Lead Counsel capacity, achieved outstanding results for shareholders in complex derivative shareholder litigation.

### b. Schiffrin Barroway Has Been a Pioneer In Prosecuting Options Backdating Cases

By way of further example of Schiffrin Barroway's commitment to vigorously serving the interests of shareholders, the firm has been at the forefront of litigation concerning the alleged backdating of stock options and is currently serving as lead counsel in numerous California-based backdating cases as well as the Comverse derivative litigation in New York state court, widely regarded as one of the most prominent derivative litigations stemming from alleged backdating by corporate insiders.[4]

Thus, in addition to establishing a proven track record of success in shareholder derivative actions generally, Schiffrin Barroway has also led the way in shareholder derivative actions alleging the exact conduct that Plaintiffs allege in the instant actions. This breadth of success should weigh heavily in favor of appointing Schiffrin Barroway as Lead Counsel. See Manual for Complex Litigation (Fourth) §10.224 (2004) (the court's responsibilities in appointing Lead Counsel include an assessment of counsel's qualifications, experience, competence, and commitment to prosecuting action on behalf of plaintiffs).

---

[4] *See e.g. In re Actel Derivative Litigation*, Master File No. C 06-06832 JW (N.D. Cal. Jan. 10, 2007) (same) (attached as Exhibit C to Winchester Decl.); *In re Network Appliance Derivative Litigation.*, Master File No. C 06-06486 JW (N.D. Cal. Jan. 10, 2007)(same) (attached as Exhibit D to Winchester Decl.); *In re Integrated Silicon Solution, Inc. Shareholder Derivative Litigation*, Master File No. C-06-04387 RMW (N.D. Cal. Aug. 22, 2006) (same) (attached as Exhibit E to Winchester Decl.); *In re Linear Technology Corporation Derivative Litigation*, Master File No. C-06-3290 MMC (N.D. Cal. June 13, 2006) (same) (attached as Exhibit F to Winchester Decl.); *In re Sigma Designs, Inc. Derivative Litigation*, Master File No. C-06-04460 RMW (N.D. Cal. Nov. 16, 2006) (same) (attached as Exhibit G to Winchester Decl.); *Qualco v. Balakrishnan, et al.*, Master File No. C-06-2811 MHP (N.D. Cal. Jan. 9, 2007) (same) (attached as Exhibit H to Winchester Decl.).

## VI. CONCLUSION

For the reasons set forth above, the Court should grant this Motion and (i) consolidate the above-captioned related shareholder derivative actions; (ii) appoint Andrew Walter and James Forseth as Lead Plaintiffs; and (iii) appoint Andrew Walter and James Forseth's counsel, Schiffrin Barroway, as Lead Counsel.

Dated: July 10, 2007

Respectfully Submitted,

SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP

_____
Alan R. Plutzik, Of Counsel (Bar No. 077785)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0770
Facsimile: (925) 945-8792

-and-

Eric L. Zagar
Robin Winchester
Nichole Browning
J. Daniel Albert
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Proposed Lead Plaintiffs
Andrew Walter and James Forseth
and Proposed Lead Counsel*

AMENDED NOTICE OF MOTION AND AMENDED MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL
Case No. C 07-cv-1500-CW

8