1 | LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
2 | JOHN K. GRANT (169813)
    SHAWN A. WILLIAMS (213113)
3 | MONIQUE C. WINKLER (213031)
    AELISH M. BAIG (201279)
4 | 100 Pine Street, Suite 2600
    San Francisco, CA 94111
5 | Telephone: 415/288-4545
    415/288-4534 (fax)
6 | johng@lerachlaw.com
    shawnw@lerachlaw.com
7 | mwinkler@lerachlaw.com
    abaig@lerachlaw.com

[Proposed] Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RALPH D. WILDER, Derivatively on Behalf of SONIC SOLUTIONS, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT J. DORIS, et al., <br><br> Defendants, <br><br> – and – <br><br> SONIC SOLUTIONS, a California corporation, <br><br> Nominal Defendant. | No. C-07-1500-CW <br><br> PLAINTIFFS SAMMY K. DOOLITTLE AND RALPH D. WILDER'S OPPOSITION TO PLAINTIFF ANDREW WALTER'S MOTION TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL <br><br> DATE:     August 2, 2007 <br> TIME:     2:00 p.m. <br> COURTROOM: The Honorable Claudia Wilken |

[Caption continued on following page.]

| | |
|---|---|
| ANDREW WALTER, Derivatively on Behalf of Nominal Defendant SONIC SOLUTIONS,<br><br>     Plaintiff,<br><br> vs.<br><br>ROBERT J. DORIS, et al.,<br><br>     Defendants,<br><br> – and –<br><br>SONIC SOLUTIONS,<br><br>     Nominal Defendant. | Case No. C-07-02344-CW |
| JAMES FORSETH, Derivatively on Behalf of Nominal Defendant SONIC SOLUTIONS,<br><br>     Plaintiff,<br><br> vs.<br><br>ROBERT J. DORIS, et al.,<br><br>     Defendants,<br><br> – and –<br><br>SONIC SOLUTIONS,<br><br>     Nominal Defendant. | Case No. C-07-03178-CW |
| SAMMY K. DOOLITTLE, Derivatively on Behalf of SONIC SOLUTIONS,<br><br>     Plaintiff,<br><br> vs.<br><br>ROBERT J. DORIS, et al.,<br><br>     Defendants,<br><br> – and –<br><br>SONIC SOLUTIONS,<br><br>     Nominal Defendant. | Case No. C-07-03361-CW |

## I. Introduction

On March 15, 2007, Ralph D. Wilder ("Wilder") commenced the first-filed shareholder derivative action on behalf of Sonic Solutions ("Sonic") against its directors and certain senior executives ("Defendants") for breach of fiduciary duty and violations of federal securities law and state law. Wilder alleged that as early as 2001, Defendants caused Sonic to secretly grant millions of stock options, many of which were backdated in order to provide the Sonic insiders with lower strike prices. Wilder Complaint, ¶¶37-51. On June 26, 2007, Sammy K. Doolittle ("Doolittle") filed a separate derivative shareholder complaint against the same Defendants, making similar allegations.

On June 28, 2007, plaintiffs Wilder, the first-filed plaintiff, and Doolittle filed a joint motion to consolidate all related actions and for their appointment as lead plaintiffs, together with the appointment of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") as lead counsel. Wilder had previously submitted a stipulation and proposed order (prior to the filing of the *Walter* action) consolidating the related actions and appointing Wilder lead plaintiff. The Court had in fact entered the proposed order appointing Wilder, but then vacated that order after Walter belatedly filed his complaint and motion for appointment as lead plaintiff.

Some six weeks after the Wilder complaint was filed, additional derivative actions were also filed by Andrew Walter ("Walter") and James Forseth ("Forseth") against Defendants alleging the same misconduct. Walter and Forseth are represented by Schiffrin Barroway Topaz & Kessler, LLP. Walter has filed a competing motion for appointment as lead plaintiff and appointment of his counsel as lead counsel.

All parties agree that consolidation is appropriate. In addition, Doolittle and Wilder should be appointed lead plaintiffs and Lerach Coughlin lead counsel. Doolittle has specifically alleged that he has been a long term Sonic shareholder. Doolittle Complaint, ¶12. Wilder, in addition, brought the initial action. Courts, including those within the Northern District, discourage duplicative conduct, such as that already engaged in by Walter. *See, e.g.*, *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *21-*22 (N.D. Cal. Apr. 16, 2007) (appointing one lead and one liaison counsel, but strongly cautioning against "the duplication of any expenses").

PLTFS SAMMY K. DOOLITTLE & RALPH D. WILDER'S OPPOSITION TO PLAINTIFF ANDREW WALTER'S MOTION TO APPOINT LEAD PLAINTIFF & LEAD COUNSEL - C-07-1500-CW    - 1 -

1  Plaintiffs Doolittle and Wilder respectfully request that the Court appoint them lead plaintiffs and
2  appoint Lerach Coughlin as lead counsel.

3  **II.    Consolidation of Related Cases Should Be Granted**

4  Four similar actions are pending in this District:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Wilder v. Doris, et al.* | 4:07-cv-01500-CW | March 15, 2007 |
| *Walter v. Doris, et al.* | 4:07-cv-02344-CW | April 30, 2007 |
| *Forseth v. Doris, et al.* | 4:07-cv-03178-CW | June 15, 2007 |
| *Doolittle v. Doris, et al.* | 3:07-cv-03361-BZ | June 26, 2007 |

Doolittle and Wilder understand that no party objects to consolidation. Consolidation should be ordered because the actions arise from the same facts and make similar allegations.

**III.    Doolittle and Wilder Should Be Appointed as Lead Plaintiffs and Lerach Coughlin Should Be Appointed as Lead Counsel**

Plaintiff Doolittle, a long-term shareholder of Sonic and Wilder, who brought the first-filed action, should be appointed lead plaintiffs. Likewise, their selection of Lerach Coughlin, a California-based law firm with nearly 20 lawyers in San Francisco, should also be approved. Appointing Doolittle, Wilder and Lerach Coughlin as lead plaintiff and lead counsel will streamline this litigation, reduce litigation costs and provide judicial economy. Absent exceptional circumstances not present herein, there is no presumed need for multiple lead counsel in derivative actions. *See, e.g.*, *Theodore R. Kornreich Revocable Trust v. Barnholt*, No. C 06-03345 JW, Order Consolidating Related Derivative Cases and Appointing Lead Plaintiff and Lead Counsel at 3-4 (N.D. Cal. Oct. 23, 2006) (appointing sole lead plaintiff and lead counsel); *Hutton v. McAdam*, No. C06-0794RSL, Stipulation and Order Consolidating Cases for All Purposes, Appointing Lead Plaintiff and Lead Counsel, and Setting Schedule for Filing of Consolidated Complaint at 3 (W.D. Wash. Oct. 3, 2006) (appointing sole lead counsel); *In re OM Group, Inc. Sec. Litig.*, No. 1:02 CV

2163, Order at 6-7 (N.D. Ohio Mar. 17, 2003) (appointing sole lead in case consolidating multiple derivative actions). *See* Williams Decl.,[1] Exs. A-C.

Indeed, district courts have declined to appoint co-lead counsel absent a showing that co-counsel will better protect the interests at issue. *See, e.g.*, *In re Reliant Sec. Litig.*, Civil Action No. 02-1810 (Consolidated), 2002 U.S. Dist. LEXIS 27777, at *11 (S.D. Tex. Aug. 27, 2002) (multiple counsel "more commonly will create needless complications, administratively and otherwise, substantial multiplicity of effort, and materially increased litigation costs"); *Richard NMI Bell v. Ascendant Solutions, Inc.*, No. Civ. A. 3:01-CV-0166, 2002 WL 638571, at *6 (N.D. Tex. Apr. 17, 2002); *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246 (E.D. Va. 1999) (appointing sole lead counsel); *In re Orbital Scis. Corp. Sec. Litig.*, 188 F.R.D. 237, 240 (E.D. Va. 1999) (later ruling continuing to uphold sole lead counsel following initiation of later actions seeking to represent a more limited investor class). Doolittle and Wilder respectfully submit that adding a second firm to work with Lerach Coughlin is unnecessary and may result in duplication under the unique circumstances of this action.

Moreover, Wilder has chosen Lerach Coughlin to serve as lead counsel on behalf of Sonic shareholders because of the firm's unique qualifications and resources to pursue recovery on behalf of Sonic. The Lerach Coughlin firm, which is a national law firm with over 180 lawyers, including nearly 20 lawyers in its San Francisco, California office. Lerach Coughlin's substantial presence in San Francisco will reduce litigation costs overall, improve communication with the Court, and generally streamline this litigation. Moreover, Lerach Coughlin and its shareholder derivative litigation department possess extensive experience litigating complex shareholder actions.

---

[1]   "Williams Decl." refers to the Declaration of Shawn A. Williams in Support of Plaintiffs Sammy K. Doolittle and Ralph D. Wilder's Opposition to Plaintiff Andrew Walter's Motion to Appoint Lead Plaintiff and Lead Counsel, filed herewith.

## IV. Conclusion

For all the foregoing reasons, Doolittle and Wilder respectfully request that the Court grant their motion and deny the Walter motion.

DATED: July 17, 2007

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOHN K. GRANT
SHAWN A. WILLIAMS
MONIQUE C. WINKLER
AELISH M. BAIG

/s/
SHAWN A. WILLIAMS

100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
TRAVIS E. DOWNS III
KATHLEEN A. HERKENHOFF
BENNY C. GOODMAN III
MARY LYNNE CALKINS
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
THOMAS G. WILHELM
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Telephone: 310/859-3100
310/278-2148 (fax)

[Proposed] Lead Counsel for Plaintiffs

T:\CasesSF\Sonic Solutions\BRF00043357.doc

PLTFS SAMMY K. DOOLITTLE & RALPH D. WILDER'S OPPOSITION TO PLAINTIFF ANDREW WALTER'S MOTION TO APPOINT LEAD PLAINTIFF & LEAD COUNSEL - C-07-1500-CW     - 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 17, 2007.

/s/
SHAWN A. WILLIAMS

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail: ShawnW@lerachlaw.com

# Mailing Information for a Case 4:07-cv-03361-CW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Aelish M. Baig**
  AelishB@lerachlaw.com,KiyokoF@lerachlaw.com

- **John K. Grant**
  johnkg@lerachlaw.com,cwood@lerachlaw.com,e_file_sf@lerachlaw.com,e_file_sd

- **Alan Roth Plutzik**
  aplutzik@bramsonplutzik.com

- **Thomas Gilbertson Wilhelm**
  twilhelm@lerachlaw.com,e_file_sd@lerachlaw.com

- **Shawn A. Williams**
  shawnw@lerachlaw.com,cwood@lerachlaw.com,e_file_sf@lerachlaw.com,travisd@

- **Monique Winkler**
  MoniqueW@lerachlaw.com,shawnw@lerachlaw.com,E_File_SF@lerachlaw.com,tr

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Robert B. Weiser
The Weiser Law Firm, P.C.
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087
```